UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as Indenture Trustee,<br><br>    Plaintiff<br><br>v.<br><br>CANTON II, INC.,<br><br>    Defendant. | §§§§§§§§§§§§§§§<br><br>CASE NO. 5:21-cv-01296 |

# COMPLAINT

Plaintiff, The Bank of New York Mellon Trust Company, N.A. ("Plaintiff"), solely in its capacity as indenture trustee files this Complaint against CANTON II, INC.

## I.   The Parties

1.   Plaintiff, The Bank of New York Mellon Trust Company, N.A., is a national banking association organized and existing under the laws of the United States. The Bank of New York Mellon Trust Company, N.A.'s headquarters or main office is located in Los Angeles, California. Therefore, The Bank of New York Mellon Trust Company, N.A. is a citizen of California for purposes of diversity jurisdiction. 28 U.S.C. §§ 1348 and 1332.

2.   Defendant CANTON II, INC. ("Defendant") is a Texas non-profit corporation with its principal place of business at 317 Martinique Pass, Lakeway, TX 78734-5314. Canton II, Inc. may be served through its registered agent for service of process: Robbie Wittner Kitchen, 317 Martinique Pass, Lakeway, TX 78734-5314.

## II.     Diversity Jurisdiction

3.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy (over $5 million) exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendant are citizens of different states.

4.     Plaintiff is deemed to be a citizen of the California for purposes of jurisdiction. 28 U.S.C. §§ 1348 and 1332.

5.     Defendant CANTON II, INC., is a Texas non-profit company with its principal place of business at 317 Martinique Pass, Lakeway, TX. Accordingly, CANTON II, INC., is a citizen of Texas for purposes of jurisdiction.

## III.     Personal Jurisdiction and Venue

6.     This Court has personal jurisdiction over Defendant because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendant in this District. Specifically, and without limitation, Defendant owns a senior housing community located in the Western District of Texas at 8700 Post Oak Lane, San Antonio, Texas 78217.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## IV.     Factual Background

8.     On or about December 1, 2011, The Bank of New York Mellon Trust Company, N.A., as trustee (the "Trustee") and Bexar County Housing Finance Corporation (the "Issuer") executed that certain trust indenture (the "Indenture") pursuant to which $27,765,000 of Bexar County Housing Finance Corporation, Senior Living Revenue Bonds (The Inn at Los Patios Apartments Project) were issued (the "Bonds"). In connection therewith, the Defendant, the Trustee and the Issuer entered into a Loan Agreement, dated as of December 1, 2011, under which

the Issuer loaned the proceeds of the Bonds (the "Loan") to the Defendant (the "Loan Agreement"), the obligation to repay such Loan being evidenced by certain promissory notes executed by the Defendant in favor of the Issuer (the "Notes"). The proceeds of the Bonds were used to enable the Defendant to acquire, renovate, and equip a senior living housing project known as the Inn at Los Patios (the "Project").

9. The Bonds are secured by, among other instruments, a Deed of Trust, Assignment of Rents and Leases, and Security Agreement (the "Deed of Trust"), dated as of December 1, 2011, executed by the Defendant and delivered to the Trustee for the benefit of the Issuer, which assigned its rights thereunder to the Trustee for the benefit of itself and the holders of the Bonds (the "Bondholders").

10. The Issuer's rights under the Notes and the Deed of Trust have been assigned by the Issuer to the Trustee pursuant to an Assignment of Notes, Liens, Security Interests and other Documents dated as of December 1, 2011.

11. The Deed of Trust covers all of the real and personal property more particularly described therein and commonly known as the Inn at Los Patios and located at 8700 Post Oak Lane, San Antonio, Texas 78217 (as fully defined in the Deed of Trust, the "Mortgaged Property"). Defendant owns the Project, which includes a senior independent living and assisted living facility on the Mortgaged Property.

12. To assure the Issuer and Bondholders that interest on the Bonds would be excluded from gross income for federal income tax purposes, and to satisfy the public purposes for which the Bonds were authorized to be issued, and to satisfy the purposes of the Issuer in determining to issue the Bonds, the Issuer, the Trustee, and the Defendant entered into that certain Regulatory

Agreement, dated as of December 1, 2011 (the "Regulatory Agreement"), imposing on the Defendant certain limits on occupancy of units in the project, as well as other requirements.

13. The Notes, the Bonds, the Indenture, the Loan Agreement, the Deed of Trust, the Regulatory Agreement and all other documents and instruments securing or evidencing the Loan made under the Loan Agreement or the Bonds issued under the Indenture are hereinafter collectively referred to as the "Bond Documents."

## V.  The Defaults

14. Defendant is in default of its obligations under its Bond Documents. Without limitation, the Defendant failed to make, or cause to be made, the Additional Loan Payments or amounts required to be paid under Section 3.2(b)(ii) of the Loan Agreement on or before the due date. The Defendant failed to cause all Project Revenues, for the months of August, September, October, November and December of 2021 to be deposited with the Trustee and, as a result, the Additional Loan Payments due under clauses (6) and (8) of Section 3.2(b)(ii) of the Loan Agreement have not been timely paid. On December 16, 2021, the Trustee notified the Defendant of its default under the Loan Agreement.

## VI.  Remedies for Default – Borrower's Consent to Appointment of Receiver

15. Section 8.02(c) of the Indenture authorizes the Trustee to enforce the terms of the Indenture for the benefit of the Bondholders.

16. Section 8.2 of the Deed of Trust provides that upon the occurrence of an Event of Default, and for so long as such default remains uncured, the Trustee shall have the option and right to take any one or more of the following actions: (i) without demand, presentment, notice of intent to accelerate, notice of acceleration, or other notice or demand, all of which are expressly waived by the Defendant, declare the Secured Obligations immediately due and payable, (ii)

proceed to enforce the lien of the Deed of Trust, and (iii) pursue any and all other remedies available to the Trustee whether set forth herein, in the Indenture, or otherwise available at law or in equity.

17. By separate application, the Trustee will seek the appointment of a receiver over the Mortgaged Property.

### VII.   Cause of Action for Breach of Contract against Defendant

18. The Trustee incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

19. The Bond Documents constitute a binding contractual relationship between the parties. The Trustee and, to its knowledge, the Issuer have performed all of its obligations under the Bond Documents.

20. Defendant's acts and omissions constitute breaches of the Bond Documents. Payment is due under the Bond Documents and has not been made.

21. As a direct and proximate result of the Defendant's defaults, the Trustee and the Bondholders have incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which the Trustee seeks recovery from Defendant.

22. All conditions precedent to the Trustee's recovery have been performed, have occurred, or have otherwise been waived.

### VIII.   Attorneys' Fees

23. The Trustee incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

24. Pursuant to Section 7.5 of the Loan Agreement, the Trustee seeks recovery of its attorneys' fees and expenses expended to enforce its rights under the Bond Documents.

## IX. Prayer

Wherefore, the Trustee prays that Defendant be cited to appear and make answer herein and that the Trustee have a judgment against Defendant as follows:

1. That a receiver be appointed, as requested in the Trustee's contemporaneously filed Application for Appointment of Receiver; and

2. That upon final trial, the Trustee be awarded the actual damages incurred by the Trustee as a result of Defendant's defaults, prejudgment and postjudgment interest at the maximum lawful amount, expense, including attorneys' fees incurred in enforcing the Trustee's contractual rights, costs of court and any such other and further relief, at law or in equity, to which the Trustee may show itself to be justly entitled.

Dated: December 30, 2021.

Respectfully submitted,

By: */s/ Keith M. Aurzada*
Keith M. Aurzada
Texas Bar No. 24009880
Jay L. Krystinik
Texas Bar No. 24041279
**REED SMITH LLP**
2501 N. Harwood St., Ste. 1700
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
kaurzada@reedsmith.com
jkrystinik@reedsmith.com

*Attorneys for The Bank of New York Mellon Trust Company, N.A., as Trustee*